# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. ACT. NO. 1:19-cr-15-TFM-B |
| | ) |
| LINDA LANCON | ) |
| | ) |

## ORDER

Pending before the Court is the *Government's Notice of Intent to Offer Rule 404(b) Evidence* (Doc. 64, filed 3/19/19) and the Defendant's *Motion to Determine the Admissibility of the States's 404(b) Evidence, or in the Alternative, Motion in Limine* (Doc. 65, filed 3/20/19). On May 30, 2019, the Court heard arguments and received evidence as to whether certain alleged uncharged acts might be admissible at trial. For the reasons discussed below, the and the Defendant's motion is **GRANTED** to the extent the Court finds that the evidence is admissible under Fed. R. Evid. 404(b) and **DENIED** to the extent it requests a motion in limine.

## I. BACKGROUND

The facts leading to the arrest of defendant Lancon were recorded. In sum, defendant Lancon was a passenger in a truck driven by the codefendant Estrada. On January 15, 2019, Saraland, Alabama Police Officer Austin Sullivan, "Sullivan" stopped the truck because the truck on Interstate 65 in Saraland because the truck did not have a license plate as required by Alabama law. While Office Sullivan was investigating the ownership and registration of the truck, a narcotics canine alerted on the truck. After the dog alert, the officers found a large quantity of illegal narcotics in the truck cab. Lancon gave the officers an innocent explanation for her presence. Specifically, Lancon said she was riding with Estrada to Evergreen, Alabama to pick up a truck. Absent the discovery of the narcotics in the cab where Lancon sat, the independent

evidence against Lancon is scant. Lancon pled not guilty thus the burden rests upon the government to prove beyond a reasonable doubt the elements of each charge. Conspiracy to possess narcotics as alleged in Count 1 and Possession with intent to distribute narcotics as alleged in Count 2 requires the Government to prove Lancon was a knowing participant in the crimes.

## II. LAW AND DISCUSSION

The Federal Rules of Evidence provide that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, they further provide that there are permitted uses in a criminal case. Specifically such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). Further, "Rule 404(b) is a rule of inclusion, and that … [it]…should not lightly be excluded when it is central to the prosecution's case." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

To be admissible under Rule 404(b), extrinsic evidence must be (1) relevant to an issue other than the defendant's character, (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, as required by Rule 403. *Jernigan*, 341 F. 3d at 1280; *see also United States v. St-Turbain*, 762 F. App'x 933, 935 (11th Cir. 2019) (citing *Jernigan* and repeating the three elements). Moreover, "[a] similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). Finally, the Court should also consider temporal remoteness. *Jernigan*, 341 F.3d at 1282.

The Government seeks to introduce evidence regarding drug transactions involving Defendant Lancon from October 21, 2016 and January 6, 2017.  Specifically, an undercover agent arranged with another person (H.V.) to purchase two ounces of heroin on October 21, 2016.  The undercover agent and a confidential informant met with H.V. who arrived in a gold Tahoe registered to Defendant Lancon.  The drug transaction occurred and H.V. left the scene in the gold Tahoe.  Then on January 6, 2017, the undercover agent and an informant again met with H.V. to purchase four ounces of methamphetamine.  H.V. again arrived at the meeting spot in the gold Tahoe registered to Lancon.  This time Lancon was present in the vehicle with him.  H.V. informed the undercover agent that he would have to go to another location to pick up the drugs.  H.V. then returned to the gold Tahoe and he and Lancon left.  Surveillance agents followed them to a parking lot.  H.V. entered a blue pick-up while Lancon remained in the Tahoe.  H.V. then returned to the Tahoe with Lancon and they travelled to a different store parking lot.  H.V. called the undercover agent and told him to come to that parking lot.  Upon their arrival, H.V. got out of the Tahoe, exchanged the drugs for cash with the undercover agent, and then departed with Lancon in the gold Tahoe.  H.V. also told the undercover agent that he used tractor trailers for transportation of drugs from the Rio Grande Valley to Dallas, Texas.  After H.V. was arrested, he did not want to give information on Lancon at the time, but had introduced him to her cousin who was involved in the drug business he had previously referenced about using tractor trailers.

The Court finds the proffered extrinsic act evidence is probative of knowledge or intent. Further, the Court finds the jury will have sufficient proof regarding the extrinsic evidence to find defendant Lancon was a knowing participant in the January 15, 2019 criminal activity.  Next, the extrinsic act evidence is not unduly prejudicial under Rule 403, Federal Rules of Evidence. Finally, the Court will provide a limiting instruction regarding the matters.

<u>Overt acts in furtherance of the conspiracy</u>

Count One of the Indictment alleges a conspiracy to possess with intent to distribute more than 5 kilograms of cocain in violation of 21 U.S.C. § 841(a)(1). The indictment specifically states Lancon, Estrada, **and others known and unknown to the Grand Jury** (emphasis supplied). …The Court finds that a rational trier of facts *could* conclude the extrinsic acts and the January 15, 2019 traffic stop were part of an overarching narcotics conspiracy whose common hub was Lancon and Estrada was a spoke. Thus, the Court finds the extrinsic acts evidence is admissible as overt acts in furtherance of the conspiracy in Count 1.

<u>Aiding and abetting, 18 U.S.C. § 2</u>

Count 2 does not specifically add aiding and abetting as a designated charge but such language is not a necessary prerequisite for the jury to find a defendant guilty under an aiding and abetting theory. "Aiding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it." *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (citing *United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983)); *see also United States v. Steele*, 733 F. App'x 472, 475 (11th Cir. 2018) (quoting *Martin* and stating same).

The Court finds the extrinsic act evidence proferred by the Government is admissible to show the presence of Defendant Lancon on January 15, 2019 was not a mere fortuity, but evidence that she was present to aid, abet, counsel, and encourage Estrada as he possessed with intent to distribute the narcotics found in the truck.

### III. Conclusion

The Court **ADMITS** the evidence contained in the *Government's Notice of Intent to Offer Rule 404(b) Evidence* (Doc. 64) subject to any other objection defense may raise at trial.

Defendant's *Motion to Determine the Admissibility of the States's 404(b) Evidence, or in the Alternative, Motion in Limine* (Doc. 65) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent it sought a determination on the admissibility of the evidence. It is denied to the extent it sought to preclude the evidence through a motion in limine.

    **DONE** and **ORDERED** this 20th day of June, 2019.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES DISTRICT JUDGE